# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL HABICH, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EXELON CORPORATION, COMMONWEALTH EDISON COMPANY, ACLARA TECHNOLOGIES, LLC, and ACLARA METERS, LLC,<br><br>Defendants. | Case No. 22-cv-4438<br><br>REMOVED FROM:<br>Circuit Court of Cook County, Illinois<br>Case No. 2022L006413 |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Exelon Corporation ("Exelon"), Commonwealth Edison Company ("ComEd"), Aclara Technologies, LLC ("Aclara Technologies"), and Aclara Meters LLC ("Aclara Meters") provide notice of the removal of this action from Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendants state as follows:

**I.      Background**

1.      On July 18, 2022, Plaintiff Joel Habich ("Habich" or "Plaintiff") filed a class action Complaint against Defendants in the Law Division of the Circuit Court of Cook County, Illinois ("Complaint"). *See* Complaint, attached as Exhibit 1. Exelon and ComEd accepted service on July 20, 2022. *See* Proof of Service, attached as Exhibits 2 and 3.

2.      Plaintiff contends that on July 29, 2020, a structural fire destroyed his Orland Park restaurant. (Compl. ¶ 9.) Plaintiff asserts that the "ignition source" of the fire was a 1-

210+c electrical smart meter ("Smart Meter") and supply conduit manufactured by Aclara Meters, a subsidiary of Aclara Technologies, and installed in April 2018 by ComEd, a subsidiary of Exelon. (*Id.* ¶¶ 7, 11-12.) According to Plaintiff, the fire caused him to lose his business as well as property damage, mental, physiological, emotional and personal injuries. (*Id.* ¶ 15.) Plaintiff asserts claims against ComEd and Exelon for (1) negligent and willful and wanton selection, installation, and testing of the Smart Meter, as well as negligent and willful and wanton training and failure to warn related to the Smart Meters (Count I), and (2) negligent infliction of emotional distress (Count II). (*Id.* ¶¶ 25-34.) Plaintiff asserts claims for strict liability against Aclara Technologies and Aclara Meters (Counts III and IV). (*Id.* ¶¶ 35-44.)

   3. Plaintiff also asserts claims for purported nationwide classes (Counts V–VII). (*Id.* ¶¶ 48, 58, 68.) As to ComEd and Exelon, Plaintiff asserts a nationwide class claim on behalf of "[a]ll individuals who suffered from personal and/or property damage as a direct result of fire caused by arcing, or other combustion events originating from the Smart Meters installed and/or maintained by the Defendant, and their subsidiaries, affiliates, predecessors and/or successors during the relevant statute of limitations." (*Id.* ¶ 48.) As to Aclara Technologies and Aclara Meters, Plaintiff asserts nationwide class claims on behalf of "[a]ll individuals who suffered from personal and/or property damage as a direct result of fire, caused by arcing, or other combustion events originating from the Smart Meters caused by the Defendant's manufacturing defect, and their subsidiaries, affiliates, predecessors and/or successors, at any time during the relevant statute of limitations." (*Id.* ¶¶ 58, 68.)

**II.     This Court Has Subject Matter Jurisdiction Over This Action Under CAFA.**

4.    Under CAFA, this Court has diversity jurisdiction over any asserted class action[1] that: (1) includes at least one class member whose citizenship is diverse from that of any defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

**A.     The Minimal Diversity Requirement Is Satisfied.**

5.    CAFA's minimal diversity requirement is satisfied. Consistent with Plaintiff's allegations, Exelon is a Pennsylvania corporation headquartered in Illinois. Exelon is therefore a citizen of Pennsylvania and Illinois for purposes of federal jurisdiction. *See, e.g.*, *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021) (holding a corporation is a citizen of the state of incorporation and the state where it has its principal place of business); *see also* 28 U.S.C. § 1332(c)(1).

6.    ComEd is an Illinois company headquartered in Illinois and is therefore a citizen of Illinois for purposes of federal jurisdiction. *See id.*

7.    Aclara Technologies is an Ohio limited liability company with a principal place of business in Missouri. Aclara Technologies's sole member is Meter Reader Holding, LLC, a Delaware limited liability company whose sole member is Meter Reader Holding I Corporation, a Delaware Corporation. Aclara is therefore a citizen of Delaware for purposes of federal jurisdiction. *See Big Shoulders Cap. LLC,* 13 F.4th at 565 ("[A] limited liability company . . . is the citizen of the states where its owning members are citizens.").

---

[1] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Plaintiff brings his class claims pursuant to 735 ILCS 5/2-801. (Compl. ¶¶ 3, 46, 56, 66).

3

8. Aclara Meters is a Delaware limited liability company with a principal place of business in Missouri. Aclara Meters's sole member is Meter Reader Holding, LLC, a Delaware limited liability company whose sole member is Meter Reader Holding I Corporation, a Delaware Corporation. Aclara Meters is therefore a citizen of Delaware for purposes of federal jurisdiction. *See id.*

9. Habich alleges that he is a resident of Illinois and thus a citizen of Illinois for purposes of federal jurisdiction. (Compl. ¶ 3.)

10. Plaintiff seeks to represent a nationwide class comprised of hundreds of putative class members who allegedly suffered damage as the result of fire or other combustion events originating from the Smart Meters. (Compl. ¶¶ 48, 54, 58, 64, 68, 74.)

11. Because the Defendants are citizens of Illinois, Pennsylvania, and Delaware, and the putative nationwide class Plaintiff seeks to represent consists of citizens from states other than Illinois, Pennsylvania and Delaware, diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(d)(2)(A).[2] Although Aclara Technologies and Aclara Meters dispute the allegations, individuals in Maryland and North Carolina have alleged personal and/or property damage from Smart Meters. (*See* Compl. ¶¶ 58, 68.)

### B. CAFA's Asserted Class Size Requirement Is Satisfied.

12. Plaintiff seeks to represent a putative class of "all individuals" who suffered personal and/or property damage as a direct result of fire or other combustion events originating from the Smart Meters, "during the relevant statute of limitations." (Compl. ¶¶ 48, 58, 68.)

---

[2] Defendants do not dispute that there are putative class members from Illinois, Pennsylvania and Delaware. However, there are also putative class members from 47 other states for federal jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), which requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"

4

13.     More than 100 individuals would fall within this class definition, as Plaintiff himself alleges.  (Compl. ¶¶ 54, 64, 74.)

14.     The alleged class thus satisfies the 100-member minimum class size threshold under CAFA.

### C.     The Asserted Class Claims Place More than $5,000,000 In Controversy.

15.     A notice of removal, like a complaint, need only contain a "short and plain statement of grounds for removal."  28 U.S.C. § 1446.  As the Supreme Court has held, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal actions] that are applied to other matters of pleading."  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988)).  Further, in contrast to other removed actions, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudications of certain class actions in federal court."  *Id.*  In keeping with this liberal approach, a notice of removal under CAFA "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000.  *Id.* at 554.

16.     Defendants dispute that Plaintiff has stated viable claims or that any damages whatsoever are owed to him or the asserted class.  But what matters for the jurisdictional inquiry is whether the class *conceivably* could recover *assuming* Plaintiffs succeed in their suit.  *See Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 763 (7th Cir. 2011) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties.").  Under this standard, Plaintiff's various claims and theories of recovery place more than $5,000,000 in controversy.  *See id.* at 764 ("Once the proponent of

5

federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

17. Among other things, Plaintiff alleges that his claims are typical and that he and the purported class are entitled to "compensatory damages, including damages suffered as a result of personal and/or property damage as a result of a fire accident linked to the Smart Meter." (Compl. ¶¶ 54(e), 64(e), 74(e).) Plaintiff contends that because of Defendants' actions and product, his business was destroyed. (*Id.* ¶ 15.) Plaintiff seeks an amount "in excess of minimum jurisdictional limits" for his individual property damage claim. (Compl., p. 8.) An affidavit attached to the Complaint contends that Plaintiff claims damages in excess of $50,000. (*Id.* at 31.) In a pre-suit Petition for Discovery, Plaintiff affirmatively stated that he suffered "hundreds of thousands of dollars in damages" to lost business and property damage as a result of the fire. *See* Rule 224 Petition, ¶ 10, attached as Exhibit 4.

18. Thus, assuming only the same "excess of minimum of jurisdictional limits" and "$50,000" of damage per purported class member, $5,000,000 is placed in controversy with the "over one hundred (100) putative members" who Plaintiff alleges are in the purported class (*id.* ¶¶ 54, 64, 74), even before accounting for attorneys' fees.[3]

19. Plaintiff also claims he is entitled to recover its attorneys' fees "incurred in prosecuting this claim" (Compl. ¶¶ 54(f), 64(f), 74(f)), which increases the amount in controversy. Although Defendants do not concede that any such award would be merited, Plaintiff's Complaint purports to place these fees in controversy. Courts in the Seventh Circuit

---

[3] Because Plaintiff's damages claim alone satisfies CAFA's amount in controversy requirement, it is not necessary to value the "object" of Plaintiff's request for an injunction requesting that the Court order Defendants to cease and desist from manufacturing and installing the Smart Meters (Compl. ¶¶ 54(d), 64(d), 74(d).) *See Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).

6

"regularly award" 33.3% or more of the class's recovery as a fee award to class counsel. *See T.K. Through Leshore v. Bytedance Tech. Co.*, No. 19-CV-7915, 2022 WL 888943, at *25 (N.D. Ill. Mar. 25, 2022) (citations omitted). Thus, Plaintiff's attorney's fee demand increases the amount in controversy to well over $5,000,000.

### III. All Procedural Requirements for Removal Are Satisfied.

20. Defendants' removal of this action is timely. Exelon and ComEd were served with the Complaint on July 20, 2022. This Notice of Removal has been filed within 30 days thereafter, and therefore it is timely. *See* 28 U.S.C. § 1446(b)(1).

21. All Defendants consent to removal of this action.

22. Venue is proper in this Court because the Circuit Court of Cook County, Illinois is located in the Northern District of Illinois. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court for the district and division embracing the place where such action is pending").

23. Attached and filed with this notice are copies of the Complaint, and other process, pleadings, and orders contained within the state court file, if any (*see* Exhibit 5) and a printout of the state court's docket (*see* Exhibit 6), consistent with the requirements of 28 U.S.C. § 1446(a).

24. As 28 U.S.C. § 1446(d) also requires, a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the Clerk of the Circuit Court Cook County, Illinois.

### IV. Conclusion

25. For these reasons, Defendants have properly alleged that all prerequisites for CAFA jurisdiction have been met, remove this action from the Circuit Court of Cook County, Illinois, to this Court, and reserve the right to amend and/or supplement this notice of removal should Plaintiff challenge removal. *See Dart Cherokee*, 135 S. Ct. at 557-58.

Dated: August 19, 2022 Respectfully submitted,

*/s/ Brian O. Watson*

Brian O. Watson
Sarah E. Finch
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 – Phone
(312) 471-8701 – Fax
bwatson@rshc-law.com
sfinch@rshc-law.com

Paul Kelly
Kellett McConville
KELLY & KING, P.C.
19 S. LaSalle St., Suite 1000
Chicago, Illinois 60603
312-553-5290 – Phone
312-553-5291 – Fax
pek@kellykinglaw.com
mkm@kellykinglaw.com

*Counsel for Defendants Exelon Corporation and Commonwealth Edison Company*

Respectfully submitted,

*/s/ James W. Ozog*

James W. Ozog
David J. O'Connell
GOLDBERG SEGALLA LLP
222 W. Adams Suite 2250
Chicago, Illinois 60606
312.572.8400
jozog@goldbergsegalla.com
doconnell@goldbergsegalla.com

*Counsel for Defendants Aclara Technologies, LLC and Defendant Aclara Meters, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants, and that a true copy was emailed to the following:

Glen Joseph Dunn, Jr.
Glen J. Dunn & Associates, Ltd.
One East Wacker Drive, Suite 2510
Chicago, IL 60601
Tel: 312-880-1010
Email: gdunn@gjdlaw.com
*Counsel for Plaintiffs*

                                       */s/ Brian O. Watson*
                                       Brian O. Watson