UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL HABICH, individually and on behalf of a class of persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>EXELON CORPORATION, COMMONWEALTH EDISON COMPANY, ACLARA TECHNOLOGIES, LLC, and ACLARA METERS, LLC,<br><br>　　　　　Defendants. | No. 22 CV 4438<br><br>District Judge Franklin U. Valderrama<br><br>Magistrate Judge Heather K. McShain |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO STAGE DISCOVERY AND STAY NATIONWIDE CLASS DISCOVERY**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 2

LEGAL STANDARD........................................................................................................................ 4

ARGUMENT ..................................................................................................................................... 5

    I.    Habich Will Not Be Prejudiced by Phasing Discovery and Staying Nationwide Class Discovery. ...................................................................................................................5

    II.    Phasing of Discovery and Staying Nationwide Class Discovery Will Simplify the Issues Before the Court....................................................................................................6

    III.    Phasing of Discovery and Staying Nationwide Class Discovery Will Reduce the Burden of Litigation on the Parties and the Court. ...........................................................8

CONCLUSION................................................................................................................................... 9

## INTRODUCTION

This case is about a single fire allegedly involving an electrical smart meter that impacted one property, not a nationwide product liability class action. Plaintiff Joel Habich improperly tacks on multiple nationwide class claims for negligence against Commonwealth Edison Company ("ComEd") and, its parent holding company, Exelon Corporation ("Exelon") and strict product liability against Aclara Technologies, LLC and Aclara Technologies, LLC ("Aclara") on behalf of anyone who claims damage from any fire caused by electrical smart meters that have been installed and maintained by different electrical workers from different companies on different properties throughout the nation. As Defendants' motion to strike explains, the Seventh Circuit, this District, and their sister courts have consistently held that these nationwide product liability class claims cannot be maintained and should be stricken at the pleading stage.

Defendants are prepared to promptly move forward with discovery into Habich's individual claims because—as is the case with most product liability lawsuits—Habich's claims will face summary judgment and *Daubert* challenges. And discovery focused on Habich's individual claims will naturally show that class treatment is impossible under Rule 23. As a result, the Court should phase discovery to first focus on these potentially dispositive and threshold issues under Rule 23(c)(1)(a), which provides that class certification should be determined "[a]t an early practicable time," and Rule 26(b)(1), which provides that discovery must be "proportional to the needs of the case" and requires consideration of whether the "burden and expense of discovery outweighs its likely benefit."

Habich's allegations also confirm the highly individualized nature of his claims in at least two ways. First, Habich asserts his negligence and strict product liability claims individually in Counts I through IV, acknowledging that those claims are individualized and not subject to class-wide and companywide proof. (Dkt. 33 at ¶¶ 34–60.) Second, Habich's allegations make clear

1

that the facts surrounding his claims are so unique that all his factual allegations describe the individual facts of his own fire and claims, not companywide and class-wide policies. (*Id.* at ¶¶ 12–60.)

In the interests of judicial economy and expediency, the initial phase of discovery therefore should be limited to issues and information that focus on the merits of Habich's individual claims, rather than discovery involving nationwide and companywide class issues. This phasing would still allow discovery that is relevant to, if not dispositive of, whether there is sufficient commonality among Habich's nationwide class claims to warrant class treatment, and thus will still advance this case towards a class certification determination, even if Judge Valderrama were to deny the Defendants' motion to strike. (Dkt. 48.) Moreover, phasing discovery will efficiently advance the case and allow Habich the opportunity to fully—and promptly—litigate his individual claims against the Defendants. And finally, phasing discovery will streamline the issues before the Court and ensure that discovery is kept proportional to the needs of the case, without unduly burdening the Defendants with massive, nationwide and companywide class discovery, especially while their motion to strike class allegations is pending.

## BACKGROUND

In July 2020, Habich allegedly owned and operated a fast-food restaurant in Orland Park that was supplied with electrical service by ComEd. (Dkt. 33 ¶¶ 12–14.) That electrical service included an Aclara I-210+c electrical smart meter that ComEd allegedly installed in April 2018. (*Id.* ¶ 14.) A fire damaged Habich's Orland Park restaurant on July 29, 2020. (*Id.* ¶¶ 16, 22.) Habich claims that the cause of the fire was the Aclara I-210+c electrical smart meter installed by ComEd. (*Id.* ¶¶ 18–19.)

Based on these allegations, Habich makes both individual and nationwide class claims. Habich alleges individual claims against ComEd and, its parent holding company,[1] Exelon for (1) negligent and willful and wanton selection, installation, and testing of the smart meter, as well as negligent and willful and wanton training and failure to warn (Count I), and (2) negligent infliction of emotional distress (Count II). (*Id.* ¶¶ 34–50.) Habich also asserts individual claims for strict product liability related to the smart meter against Aclara (Counts III and IV). (*Id.* ¶¶ 51–60.)

Habich tacks on multiple nationwide class claims (Counts V-VII). (*Id.* ¶¶ 61–93.) As to ComEd and Exelon, Habich asserts a nationwide class claim for negligence on behalf of "[a]ll individuals who suffered from personal and/or property damage as a direct result of fire caused by arcing, or other combustion events originating from the Smart Meters installed and/or maintained by the Defendant, and their subsidiaries, affiliates, predecessors and/or successors, during the relevant statute of limitations." (*Id.* ¶ 64.) As to Aclara, Habich asserts nationwide class claims for strict product liability on behalf of "[a]ll individuals who suffered from personal and/or property damage as a direct result of fire, caused by arcing or other combustion events originating from the Smart Meters caused by the Defendant's manufacturing defect, and their

---

[1] As Habich recognizes (Dkt. 33 ¶¶ 1–2), Exelon is an entirely separate holding company that conducts business through ComEd and its subsidiaries. Form 10-K, Exelon Corp., Dec. 31, 2021, *available at* sec.gov/edgar/browse/?CIK=1109357; *Linsner v. Exelon Corp.*, 2012 IL App (1st) 110753-U, ¶ 4 ("Exelon [Corporation] was formed as a holding company in the late 1990's and has no employees."); *Carpenter v. Exelon Corp.*, No. 14-07-00149-CV, 2007 WL 3071998, at *3 (Tex. App. Oct. 23, 2007) ("Exelon is a holding company with no employees or business operations of any type."); *see also Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018) (courts may consider documents referenced in the complaint and may take judicial notice of public records not subject to reasonable dispute). As an entirely separate holding company, Exelon is not liable for the acts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940-41 (7th Cir. 1999).

subsidiaries, affiliates, predecessors and/or successors, or at any time during the relevant statute of limitations." (*Id.* ¶¶ 77, 87.)

## LEGAL STANDARD

District courts possess "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also* Fed. R. Civ. P. 26(c). Among those, deciding whether and how to sequence discovery "is a matter committed to the discretion of the trial court." *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2004 WL 609326, at *2 (N.D. Ill. Mar. 23, 2004).

Three factors are relevant to this analysis: (1) will limiting discovery unduly prejudice the non-moving party, (2) will limiting discovery simplify the issues and streamline the trial, and (3) will limiting discovery reduce the burden of litigation on the parties and on the court. *Sadler v. Retail Props. of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013); *see also Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (courts should consider "(1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation, and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.") (marks and citations omitted)).

Here, all of these factors weigh in favor of phased discovery and a stay of Habich's nationwide class discovery.

## ARGUMENT

I. **Habich Will Not Be Prejudiced by Phasing Discovery and Staying Nationwide Class Discovery.**

As discussed above and in Defendants' motion to strike, Habich's claims are based not on uniform companywide and class-wide facts, but rather the specific circumstances of a fire allegedly involving his electrical smart meter. (Dkt. 33 at ¶¶ 12–60.) Habich's individual claims are not asserted on behalf of any putative class. (*Id.* at ¶¶ 34–60.) It is precisely these individual allegations and claims that Defendants propose to prioritize in the first discovery phase.

More specifically, discovery should proceed as to Habich's individual claims and focus on the topics and scope commensurate to the issues raised his individual claims. That would include discovery on: (1) the designing, manufacturing, marketing, selling, distributing, and providing training, and other services associated with Aclara I-210+c electrical smart meter, bearing Meter No. 273403352_G; (2) the installation and maintenance of this electrical smart meter; (3) the facts and circumstances surrounding Habich's fire; and (4) the emotional and property damages claimed by Habich. (Dkt. 33 at ¶¶ 12–60; Dkt. 41 at 27–28; Dkt. 42 at 29–30.) And given the scope of his individual allegations, the discovery focused on Habich's claims will be active for months while Judge Valederrama considers the threshold motion to strike class allegations. Indeed, the fact witness depositions alone are likely to reach the presumptive limits under the Federal Rules during this initial discovery phase.

Moreover, to the extent that Habich wishes to pursue discovery into companywide policies, any such discovery requests can and should be addressed in the context of his claims. For example, because Habich claims that Aclara I-210+c electrical smart meter, bearing Meter No. 273403352_G, was allegedly defective or improperly installed by ComEd, Habich will be able to request discovery surrounding that meter, including its design, manufacture, installation,

5

and maintenance. And the Court can consider discovery factors such as proportionality in the context of his individual claims. Thus, Habich will certainly have a fair opportunity to not only prove his individual claims, but also discover any companywide policies (if any even exist) that may ultimately inform the class certification determination if the Court concludes that the class allegations should not be stricken without allowing some limited class discovery.

As this proposed phased plan prioritizes the discovery into the individual claims (which is likely to be extensive given Habich's allegations), over even longer and more burdensome discovery that focuses on class-based issues, there can be no prejudice to Habich. Habich will promptly gain discovery into the merits of his own claims, allowing those claims to quickly proceed towards resolution. Also, phasing discovery in this manner will prepare the Court and parties to promptly address class certification should the Court determine that some further discovery may be necessary to resolve those issues.

**II.    Phasing of Discovery and Staying Nationwide Class Discovery Will Simplify the Issues Before the Court.**

Next, phasing discovery first into individual merits and then, if necessary, to a class certification phase will simplify the issues before the Court. Habich's allegations raise the questions of whether he can prevail on the merits of his individual claims and whether such individualized claims can be adjudicated on a class-wide basis. Defendants' pending motion to strike the class allegations addresses the second question. The first question should be addressed by motions for summary judgment, after discovery into the merits of Habich's claim.

The Seventh Circuit has recognized that this approach can simplify the issues before the court. In *Cowen v. Bank United of Texas, FSB*, the court held that it was proper for defendant to move for summary judgment prior to class certification, observing:

6

> It is true that Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But "usually" is not "always," and "practicable" allows for wiggle room. *Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action.* A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, … disqualifies the named plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative.

70 F.3d 937, 941 (7th Cir. 1995) (citations omitted and emphasis added); *see also Smith v. Short Term Loans*, No. 99 C 1288, 2001 WL 127303, at *4 (citing *Cowen* and noting that where "there is doubt about the merits of the named plaintiffs' claims … it is in the interest of judicial economy to weed out the plaintiffs' meritless claims before addressing the complex class certification issues"); Barbara J. Rothstein, *Managing Class Action Litigation; A Pocket Guide for Judges* at 8-9 (Federal Judicial Center 2009) ("the most efficient practice is to rule on motions … for summary judgment before addressing class certification" as it may render a "ruling on class certification … unnecessary").

Phasing discovery here will similarly streamline the issues before the Court, as it will allow the parties to promptly conduct discovery into the merits of Habich's claims and submit those claims to the Court for resolution on summary judgment. This is particularly true here, given that Habich asserts damages by an individual fire. Discovery focused on this fire allegedly involving Aclara I-210+c electrical smart meter, bearing Meter No. 273403352_G, installed by ComEd can and should quickly reveal whether Habich's individual claims have any merit. After the Court has adjudicated the merits of the claims relating to Habich's fire, the remaining claims—if any—can be prepared for trial, and, if the Court denies the motion to strike the class action allegations, examined to determine whether they can proceed on a class-wide basis.

7

### III. Phasing of Discovery and Staying Nationwide Class Discovery Will Reduce the Burden of Litigation on the Parties and the Court.

Finally, phasing discovery will reduce the burden of litigation on the Court and the parties. It is well-established that discovery into purported nationwide classes is extensive and expensive, *Cowen*, 70 F.3d at 941, and the same will be true here. Habich has proposed a class discovery schedule that commences now and stretches well into 2024. *See* Dkt. 38 at 8. Defendants expect that were class discovery to proceed at this juncture, Habich will propound requests seeking nationwide and company-wide discovery of ComEd, Exelon, and Aclara.

That expansive discovery would create immediate motion practice. *See generally* Mot. to Strike; *see also Comcast v. v. Nat'l Ass. of African American-Owned Media*, 140 S. Ct. 1009, 1017-18, 1019 (2020); *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). There is no good reason to confront those looming discovery battles now when clear and potentially dispositive progress can be made on the discovery relevant to Habich's individual claims while the motion to strike is under review. *See Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013) (bifurcating discovery where "it would be utterly inefficient and unjust to subject a defendant to months, if not years, of onerous and expensive discovery so that the plaintiffs may continue a quixotic undertaking destined to fail").

In fact, because the burden to a defendant of class-wide and companywide discovery in a putative nationwide class can be so immense, courts in this District regularly grant motions to stay, phase, or otherwise limit discovery in putative class actions — particularly where a motion to dismiss or otherwise narrow the scope of the case is pending, and the requested discovery would be burdensome and costly to the responding party. *E.g.*, *Robinson v. Walgreen Co.*, No. 20 CV 50288, 2021 WL 2453069, at *4 (N.D. Ill. June 16, 2021) (ordering "focused" discovery

8

pending ruling on motion to dismiss in asserted class action); *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *3 (N.D. Ill. Nov. 17, 2010) (ordering phased discovery, beginning with written discovery on the named parties); *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 WL 1455358, at *3-4 (N.D. Ill. May 21, 2009) (denying motion to stay, but ordering phased discovery during pendency of defendant's motion to dismiss); *see also Akselrod v. MarketPro Homebuyers LLC*, No. CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (allowing limited discovery on potentially dispositive individual merits issues before proceeding to discovery on class certification issues); *Katz v. Liberty Power Corp.*, No. 18-cv-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (similar); *Loreaux v. ACB Receivables Mgmt., Inc.*, No. 14–710 (MAS), 2015 WL 5032052, at *4 (D.N.J. Aug. 25, 2015) (similar).

Again, Defendants do not propose a stay on all discovery. To the contrary, they propose to commence immediate, active discovery into the merits of Habich's individual claims, which will bear on potentially dispositive class-related issues and on whether (and if so, to what extent) any further class discovery is even necessary or appropriate. Accordingly, allowing the parties to first establish the contours of the viable claims, and then, if necessary, engage in discovery into whether those claims can proceed on a class-wide basis, will reduce the ultimate burden on the Court and the parties.

## CONCLUSION

For these reasons, Defendants request that the Court grant their motion, limit the discovery at the initial phase of this case to discovery relevant to Habich's individual claims, and stay Habich's nationwide class discovery.

Dated: December 9, 2022 	Respectfully submitted,

/s/ Brian O. Watson

Brian O. Watson
Sarah E. Finch
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 – Phone
(312) 471-8701 – Fax
bwatson@rshc-law.com
sfinch@rshc-law.com

Paul Kelly
Kellett McConville
KELLY & KING, P.C.
19 S. LaSalle St., Suite 1000
Chicago, Illinois 60603
312-553-5290 – Phone
312-553-5291 – Fax
pek@kellykinglaw.com
mkm@kellykinglaw.com

*Counsel for Defendants Exelon Corporation
and Commonwealth Edison Company*

Dated: December 9, 2022                     Respectfully submitted,

                                            */s/ James W. Ozog*

                                            James W. Ozog, #2130963
                                            David J. O'Connell, #6199086
                                            GOLDBERG SEGALLA LLP
                                            222 West Adams Street, Suite 2250
                                            Chicago, IL 60606
                                            312.572.8400
                                            312.572.8401 – fax
                                            jozog@goldbergsegalla.com
                                            doconnell@goldbergsegalla.com

                                            *Counsel for Defendants Aclara Technologies,
                                            LLC and Aclara Meters, LLC*

11