UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL HABICH, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EXELON CORPORATION, COMMONWEALTH EDISON COMPANY, ACLARA TECHNOLOGIES, LLC, AND ACLARA METERS, LLC,<br><br>Defendants. | No. 22 CV 4438<br><br>REMOVED FROM:<br>Circuit Court of Cook County, Illinois<br>Case No. 2022L006413<br><br>Hon. Franklin U. Valderrama, Presiding<br><br>Hon. Heather K. McShain, Magistrate |

**JOINT STATUS REPORT**

The parties have conferred and jointly submit the following status report as required by this Court's March 17, 2023 Order [63].[1]

**Progress of Discovery**

The parties made their initial 26(a)(1) disclosures on December 16, 2022. Plaintiffs and the Exelon Defendants have exchanged documents and the Aclara Defendants anticipate producing recently received subpoenaed materials within the next seven (7) days. The Aclara Defendants have also issued third-party subpoenas to the Orland Fire Protection District, Illinois Office of the State Fire Marshal, SEA Engineering, Synergy, Commtech, LLC, EFI Global, Firetech, Nicor Gas, Malooly Associates, Unified Engineering, Farmers Insurance, and Safe Harbor Public Adjusters. EFI Global, Commtech, and Safe Harbor Adjusters have not responded to the subpoenas to date. Plaintiff also had conducted pre-suit necessary party defendant

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

discovery from parties and non-parties in the Circuit Court of Cook County, Illinois since January 20, 2022. The Aclara Defendants were not part of pre-suit discovery. The Aclara Defendants' first notice of the fire at issue in this case was its receipt of the class action complaint in August 2022, when this suit was filed. The Aclara Defendants were not aware of the investigation that was commenced in July 2020 by the other parties and non-parties, and their respective experts. Plaintiffs' counsel and counsel for Aclara were not aware of or invited to participate in any of the scene or multiple pre-suit laboratory investigations. No other written or oral discovery has been conducted.

As previously ordered [47], Defendants filed a motion to stage discovery and stay nationwide class discovery [50, 51] within 10 days after filing their motion to strike Plaintiffs' nationwide class allegations [48, 49]. The Court denied the Defendants' motion to stay discovery, subject to a renewed motion, and directed the parties to file a "joint status report containing (a) a proposed schedule for the completion of fact discovery; (b) a statement whether expert and/or ESI discovery is anticipated; (c) an update on the parties' settlement negotiations, if any; and (d) an update on any other issues the parties wish to raise with the Court." [63] at 5. The parties address each as follows:

**Proposed Schedule for the Completion of Fact Discovery**

**Plaintiff's Position.** Plaintiff proposes a Fact Discovery period of eighteen (18) months, through September 27, 2024, to exchange and litigate (if necessary) written discovery, as well as conduct oral fact discovery on the independent and party fact witnesses. At this juncture, the parties have identified together over 70 witnesses[2], including independent witnesses from the fire

---

[2] In the Parties' Joint Initial Status Report Under Rule 26(f) [38] at 9 the parties wrote: "Depending on the scope of the putative class, Plaintiff expects at least 20 depositions and could exceed 400, subject to Court approval of a representative discovery plan."

investigation and the testing of the smart-meter and other evidence that was recovered from Mr. Habich's business premises.

Plaintiff intends to issue focused Rule 33, 34 and 36 discovery requests covering the issues that are relevant to both Mr. Habich's individual claims and the class-wide policy and decisions that would be common to all putative class members, including without limitation requests that will frame the size and scope of the putative class as well as identifying the relevant corporate witnesses who are most knowledgeable.

Once Defendants' answer Plaintiff's written discovery, which may follow anticipated motion practice from Defendants over both the scope of and/or stay of discovery, Plaintiff anticipates taking approximately 15 depositions, or five from each group of defendants and five independent fact witnesses, potentially up to 20. If Defendants disclose the size and scope of the putative class in written discovery, the parties would then confer and propose to the Court what additional discovery would be needed. Depending on the size and scope of the putative class, either representative putative class members, or randomly selected discovery putative class members, could be selected if the Parties are able to agree and further focused written and oral discovery would be conducted on those individuals. If the Parties are unable to agree, then the Parties would submit a proposed class discovery plan to the Court.

Plaintiff anticipates issuing initial written discovery within the next thirty days as Plaintiff awaits receipt of Aclara's Rule 26(a)(1) document production. During the conferrals regarding the drafting of this Status Report, a dispute emerged as to the adequacy of Defendants' Rule 26(a)(1) disclosures. Plaintiff's position is that the disclosures do not address any facts, issues or witnesses relevant to the putative class, Defendants disagree and invited motion practice on that issue. All Defendant Rule 26(a)(1) disclosures are attached to this Status Report,

for the Court's reference.

To date, Exelon has identified 3 corporate witnesses and the Aclara defendants have identified zero, except for alluding to an unnamed "company representative with company knowledge." Plaintiff anticipates issuing Rule 30(b)(6) Notices to all Defendants once we have responses to the written discovery in hand, which will inform the topics of those Notices.

Defendant Aclara has stated that it wants to conduct an inspection of the meter in question following the issuance and response to written discovery. Plaintiff does not object to that, with the caveat that additional Rule 26(a)(2) expert review, analysis and destructive testing, subject to a destructive testing protocol, would proceed after fact discovery was completed.

**Exelon and ComEd's Position.** Exelon and ComEd propose proportional staged—not stayed—fact discovery as previously agreed and proposed, [38] at 8–9, and consistent with the Court's orders declining to stay discovery outright [47, 62, 63]. Exelon and ComEd propose that the parties serve separate sets of individual merits and class discovery requests within 30 days of an order adopting this proposed schedule. *See* [63] at 5 ("emphasiz[ing] that plaintiff has not even served his discovery requests yet").

As for individual merits discovery, Exelon and ComEd propose that the parties complete fact discovery within 180 days. Exelon and ComEd disagree with Plaintiffs' position that 70 to 400 fact depositions may be required and are available to meet and confer with Plaintiffs about an appropriate number of depositions under Rule 30(a)(2)(A)(i).

As for the putative nationwide class discovery, Exelon and ComEd propose that the parties meet and confer within 15 days of receipt of the class discovery requests, and, if necessary, Defendants file a renewed motion within 30 days of receipt of the class discovery requests consistent with the Court's order [63] at 5. Indeed, as the Court has consistently held,

4

"it would also be inappropriate to engage in wide-ranging discovery premised on a prospect as to which there is substantial doubt—namely, [plaintiff's] ability to assert causes of action created by other states for the benefit of other individuals injured in those other states." *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1001–02 (N.D. Ill. 2017); *Smith-Brown v. Ulta Beauty, Inc.*, No. 18 C 610, 2019 WL 932022, at *6 (N.D. Ill. Feb. 26, 2019) (same); *Brown v. Auto-Owners Ins. Co.*, No. 1:21-CV-02597, 2022 WL 2442548, at *3 (N.D. Ill. June 1, 2022) (same); *Benson v. Newell Brands, Inc.*, No. 19 C 6836, 2020 WL 1863296, at *4 (N.D. Ill. Apr. 14, 2020) (same); *Muir v. Nature's Bounty, Inc.*, No. 15 C 9835, 2017 WL 4310650, at *8 (N.D. Ill. Sept. 28, 2017) (same; "the court declines to permit Muir to proceed to discovery on a nationwide class basis"); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 733 (N.D. Ill. 2015) (same; declining to allow a plaintiff "to bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states, thereby dragging defendants into expensive nationwide class discovery, potentially without a good-faith basis").

**Aclara's Position**

Aclara proposes a 60-day initial window to commence its own review of the physical evidence (currently in possession of ComEd's consulting experts) and to conduct its own visual review and any necessary laboratory testing of the physical evidence. Aclara was not given notice of the joint fire scene inspection that occurred in July 2020, two years before the complaint was served on Aclara (which scene has since been completely demolished). Despite being the alleged manufacture of the electric meter at issue, Aclara was also not given notice of the two joint laboratory examinations, which proceeded in October 2020 and April 2021, prior to the filing of this suit. Unlike the other parties in this case (and non-parties, such as the gas

utility), Aclara has none of the evidence that is traditionally gathered and evaluated by a party's experts immediately following a fire incident. Accordingly, Aclara is ill equipped to immediately commence written discovery and the depositions of witnesses.

After Aclara completes its initial evidence investigation, Aclara agrees with Exelon/ComEd that individual merits fact discovery be conducted in the next 180 days. Expert discovery as it relates to the incident involving Plaintiff's property only should also be completed during this time. After fact and expert discovery concerning Plaintiff's individual claims is completed, Aclara proposes the filing of dispositive motions as to the cause and origin of the fire at Plaintiff's property. If the electric meter was not the cause of the fire, Plaintiff's individual claims should be dismissed and he will not be able to sustain the putative class action.

As for the putative nationwide class discovery, in light of the Court's order denying Defendants' Motion to Stage Discovery and Stay Nationwide Class Discovery, Aclara agrees with Exelon/ComEd's proposal that the parties meet and confer within 15 days of receipt of Plaintiff's separate class discovery requests, and, if necessary, file a renewed discovery motion within 30 days of receipt of the class discovery requests consistent with the Court's order [63] at 5. However, Aclara suspects that the 180-day time period Defendants propose will be insufficient to complete all of the discovery Plaintiff has planned. Indeed, in this submission Plaintiff suggests that the Court allow *18 months* for fact discovery alone. In the Joint Initial Status Report, filed in November 2022, Plaintiff indicated: "Depending on the scope of the putative class, Plaintiff expects at least 20 depositions and *could exceed 400*, subject to Court approval of a representative discovery plan [38 at 9 (emphasis added)]. Yet, in his Rule 26(a)(1) disclosures, filed in December 2022, Plaintiff states that he may call as many as 69 witnesses –

38 witnesses that he "will" call and another 31 witnesses that he "may" call – all of which relate solely to the July 2020 fire at Plaintiff's property. Those 69 witnesses do not include any corporate representatives or employees from Exelon/ComEd or Aclara, and do not include the potential 400 witnesses Plaintiff claims may be required depending upon the scope of the putative class [*See id.*; 38 at 9].

**Expert/ESI Discovery**

**Plaintiff's Position.** Plaintiff anticipates ESI discovery. Plaintiff anticipates that Defendants will identify ESI repositories and putative email custodians upon responding to written discovery and then Plaintiff anticipates utilizing an iterative process to develop a search string protocol and intends to work with Defendants after the production of a hit report, and then after sampling the search results to ensure the search protocol is returning a good yield of relevant ESI to ensure that the search protocol is reasonably narrowly tailored and not overly broad or cost effective before the Defendants would have to expend the resources to review the ESI search results.

**Defendants' Position.** Defendants anticipate expert discovery by all parties and ESI discovery requests by Plaintiff. Defendant Aclara states that ESI discovery is not required in this case because it is disproportional as to the merits of case regarding fire causation. Plaintiff alleges property damages most of which were covered by insurance. Also, Plaintiff has not identified a specific product defect as the root cause of the occurrence and no party has disclosed any ESI repositories under Rule 26(a)(1)(ii).

**Status of settlement discussions**

There have been no settlement discussions, and none are anticipated by the Parties at this stage of the case.

**Other**

A. Is there anything else that the plaintiff(s) wants the Court to know?

**Plaintiff's Position.** Plaintiff is concerned that the Defendants have not answered the Rule 26(a)(1) disclosures on a scope that is any broader than Mr. Habich's individual claims and would ask that those disclosures be supplemented. Plaintiff raised the objection that it appeared Defendants were attempting to re-argue their motion to stage and stay discovery in the Status report, however, Defendants disagreed and were unwilling to revise or withdraw their positions.

Plaintiff is concerned that the Aclara Defendants, those entities that plaintiff alleges designed, manufactured and distributed the smart meter in question, have taken the position that there is no relevant ESI, particularly since the pleadings have been very specific in identifying the defective and dangerous design features of the smart-meter complained of. The idea that the company that designed, manufactured and distributed a complex product like an electric smart meter would believe that there would be no relevant emails or ESI seems untenable to Plaintiff.

**Defendants' Position.** Defendants have provided appropriate Rule 26(a)(1) disclosures.

B. Is there anything else that the defendant(s) wants the Court to know?

Defendants filed a Motion to Strike Nationwide Class Allegations on December 9, 2022. [48] That motion is still pending before the District Judge.

| | |
|---|---|
| Dated: March 31, 2023 | Respectfully submitted, |
| */s/ Glen J. Dunn, Jr.*<br>Glen J. Dunn, Jr.<br>gdunn@gjdlaw.com<br>Dennis H Stefanowicz<br>dstefanowicz@gjdlaw.com<br>**GLEN J. DUNN & ASSOCIATES, LTD.** | */s/ Paul E. Kelly*<br>Paul E. Kelly<br>M. Kellett McConville<br>KELLY & KING, P.C.<br>19 S. LaSalle St., Suite 1000<br>Chicago, Illinois 60603<br>312-553-5290 – Phone |

One East Wacker Drive,
Chicago, Illinois 60601
Tel:  (312) 880-1010
Fax:  (312) 546-5058

*Attorneys for the Plaintiff*

312-553-5291 – Fax
pek@kellykinglaw.com
mkm@kellykinglaw.com

Brian O. Watson
Sarah E. Finch
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 – Phone
(312) 471-8701 – Fax
bwatson@rshc-law.com
sfinch@rshc-law.com

*Counsel for Defendants Exelon Corporation and Commonwealth Edison Company*

*/s/ James W. Ozog*
James W. Ozog – 2130963
David J. O'Connell – 6199086
Goldberg Segalla LLP
222 West Adams Street, Suite 2250
Chicago, IL 60606
312.572.8400
312.572.8401 – fax
jozog@goldbergsegalla.com
doconnell@goldbergsegalla.com
*Counsel for Defendants Aclara Technologies, LLC and Aclara Meters, LLC*