UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Joel Habich

          Plaintiff,

v.                                           Case No.: 1:22−cv−04438
                                              Honorable Franklin U. Valderrama

Exelon Corporation, et al.

          Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, April 6, 2023:

      MINUTE entry before the Honorable Heather K. McShain: The Court has reviewed the parties' joint status report [64], which contains competing schedules for the completion of discovery in this case. The Court first observes that, despite manufacturing the smart meter that was installed on plaintiff's business property, the Aclara defendants represent that they were unaware of the fire that destroyed that building until August 2022, when this case was filed. Consequently, the Aclara defendants did not participate in any of the pre−suit discovery, inspections, and laboratory examinations that are described in the JSR. Aclara therefore requests, without apparent objection, that it be permitted an initial 60 days in which to review physical evidence in ComEd's possession and to conduct potential laboratory testing of the physical evidence. The Court also observes that the parties have proposed very different fact discovery schedules, with plaintiff seeking 18 months to complete fact discovery, whereas ComEd and Exelon suggest that only 6 months is needed to complete fact discovery and the Aclara defendants suggest a slightly longer period to complete fact and expert discovery relating to plaintiff's individual claims. The key driver of the disagreement is whether discovery as to plaintiff's individual claims can or should proceed simultaneously with discovery into plaintiff's class−wide claims. Because of the parties' disagreement on that core issue, which is not yet ripe for judicial resolution, and the fact that this case is still in the very early stages, the Court will not set a fact discovery cutoff date now. Instead, the Court orders that plaintiff, ComEd, and Exelon serve their initial written discovery requests by 05/08/2023. While ComEd and Exelon suggest that separate discovery requests for the individual claims and class claims should be issued, the Court declines to require that separate requests be served because this proposal assumes that a clear line can easily be drawn between discovery into the individual claims and discovery on the class claims. See Bilek v. Fed. Ins. Co., No. 21 CV 1651, 2022 WL 18912277, at *3 (N.D. Ill. Dec. 12, 2022) ("the distinctions between class discovery and merits discovery are not always obvious or easily discernable"). Indeed, defendants themselves have observed that there is some overlap between discovery on the individual and class claims. [51] 5. If, as is likely to occur, the parties dispute the proper scope of plaintiff's written discovery requests, the parties must comply with L.R. 37.2 and meet and confer on any such disputes. If the parties remain at an impasse after completely exhausting their meet−and−confer obligations, an appropriate motion or motions may be filed with the Court by 06/07/2023. As requested by the Aclara defendants, the Court will

grant them a 60−day period, to and including 06/05/2023, in which to conduct its proposed review of physical evidence and potential laboratory testing. No expert−style discovery is to occur during this period, the Aclara defendants must keep all other parties apprised of its inspection and testing plans, and any such laboratory testing must be conducted in such a fashion as to ensure the evidence at issue is preserved for all other parties and that it remains available during the course of the litigation. Aclara must serve its initial discovery requests by 06/19/2023. The parties are free to serve written discovery responses on the Aclara defendants now, but Aclara's responses will not be due until 30 days after this initial 60−day window has expired, on 07/07/2023. See, e.g., Fed. R. Civ. P. 33(b)(2). However, if the Aclara defendants share any concerns with ComEd and Exelon about the scope of plaintiff's discovery requests, the Aclara defendants are encouraged to participate in the parties' meet−and−confer sessions and join in any related discovery motion rather than filing their own discovery motion in connection with their own responses to plaintiff's written discovery requests. The Court further observes that expert discovery is anticipated by all sides, and that plaintiff, ComEd, and Exelon anticipate ESI discovery, while the Aclara defendants dispute the need for ESI discovery. The Court expects that the parties will continue to discuss this issue in good faith, which is also unripe for judicial intervention given that written discovery has yet to begin. Finally, plaintiff suggests that the defendants' Rule 26(a)(1) disclosures are incomplete and are improperly limited to information that is responsive only to plaintiff's individual claims, and not the class−wide claims. Defendants deny this. Because the Court has denied the defense motion to stay and stage discovery, defendants may not limit their initial disclosures to information about plaintiff's individual claims only. As there is no motion pending before the Court on this issue, the Court will not take any further action. A joint status report is due on 05/22/2023 to update the Court on: (a) the progress of discovery; (b) the status of settlement discussions, if any; and (c) any other issues the parties wish to raise with the Court. The parties may contact chambers at any time (by email to Chambers_McShain@ilnd.uscourts.gov) if they would like the Court's assistance with settlement. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.