UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL HABICH, individually and on behalf of a class of people similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) EXELON CORPORATION, ) COMMONWEALTH EDISON ) COMPANY, ) ACLARA TECHNOLOGIES, LLC ) AND ) ACLARA METERS LLC ) ) Defendants. ) | Case No. 22 CV 4438 Removed from: Circuit Court of Cook County Illinois |

**SUPPLEMENT TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT EXELON TO PRODUCE RESPONSIVE DOCUMENTS TO PLAINTIFF'S RULE 34 PRODUCTION REQUESTS AND BAR ANY PUTATIVE OBJECTIONS**

Plaintiff, JOEL HABICH, by and through his attorneys, GLEN J DUNN & ASSOCIATES, pursuant to Federal Rules of Civil Procedure Rule 37(a)(3)(B), provides the following supplement to its motion to compel Defendant EXELON CORPORATION ("Exelon") to produce responsive documents to all outstanding Rule 34 production requests *instanter*, and bar any putative objections as untimely (see Doc. No. 76):

1. Plaintiff filed his motion to compel Exelon to respond to Rule 34 Requests to Produce and bar any putative objections on Friday, July 28, 2023, after the close of business, as Plaintiff's counsel stated he would in his final Local Rule 37.2 correspondence. (*See* doc. no. 76, Ex. 3, subheading "Exelon Rule 34 Responses").

2. Counsel for Exelon sent an email at 4:50 pm on Friday, July 28, 2023, stating that he did not agree with what Plaintiff's counsel had written in our summary of the LR 37.2

1

conferral conducted on July 26, 2023. The email did not specifically itemize what parts of the three-page conferral summary he took issue with, nor did it transmit any discovery responses or document production and did not state when or even if any further compliance or conferral would take place in the future. **See Exhibit 4.**

3. On Monday, July 31, 2023, at 5:35 pm, counsel for Exelon transmitted Responses to Plaintiff's Rule 34 Requests for Production. **See Group Exhibit 5.**

4. The response to Production Request No. 1 consists of a page of objections and legal argument, followed by the below two paragraphs:

   > Without waiving said objections, none. Exelon Corporation is a holding company with no direct employees and owns various subsidiaries, either directly or indirectly, in the energy distribution and transmission business, including ComEd; and does not have the particularized knowledge of the subject matter addressed to its subsidiaries by Plaintiff in this Request.
   >
   > As for its indirect subsidiary ComEd, Exelon directs Plaintiff to ComEd's responses to Plaintiff's Request to Produce because this Request is more properly directed to ComEd. See ComEd's Response to Plaintiff's Request to Produce. *Id.*

5. Thirteen of the remaining 22 Responses direct Plaintiffs to the above response to Request No. 1, which is an unverified non-response to a Production Request. *Id.*

6. Exelon has refused to provide a response to Request Nos. 12, 16 and 17. *Id.*

7. Exelon has answered "Unknown at present" to Request Nos. 20 and 21. *Id.*

8. Exelon directs Plaintiff to its website for the Code of Corporate Conduct, which is publicly available and was quoted in the Complaint, in response to Request No. 10. Exelon also references a "retention policy" as "forthcoming." *Id.*

9. Request No. 11 requests the "Management Model Procedure LE-AC-204," which Exelon responds is "forthcoming." *Id.*

Case: 1:22-cv-04438 Document #: 79 Filed: 08/01/23 Page 3 of 5 PageID #:1388

10. Plaintiff's position is that this purported "Response" is a nullity. No production materials, documents or ESI were transmitted in response to any of the 22 Production Requests served.

11. Defendants failed to provide any explanation as to why it needed 3.5 months to provide this non-response, which appears to have been hastily typed in a single afternoon to respond to a motion to compel, cut-and-pasting "See Response to Request No. 1" in response to the majority of the requests, and listing a retention policy and Model Procedure as "forthcoming."

12. The purpose of the written discovery requests issued to Exelon was and is to discover certain descriptive information about, and characteristics of, the putative class and the common policies that potentially affect those putative class members. Com Ed is a separate party to this litigation and was issued separate discovery requests. It is specious for Exelon, who operates six separate electric power service subsidiaries, including Com Ed, to maintain as it does that it has no information or documentation about the activities of its electric utility subsidiaries across six states.

13. This conclusion is supported by co-Defendant Aclara Meters LLC, who states in its Responses to Plaintiff's Rule 33 Interrogatories that: "1,382.000 I-210+c meters were shipped between 1/1/2016 and 12/31/2020 to all Exelon Accounts. Com Ed received 1,142,000 of the total during this period." **See Exhibit 6.** This answer establishes that a quarter-million smart meters ($250 million worth of product) went to Exelon but not to Com Ed. Plaintiffs submit that we are entitled to know more about those smart meters, as well as other smart meters that were deployed at its electric utility subsidiaries.

3

**WHEREFORE**, Plaintiff seeks that this Honorable Court compel Exelon to provide responsive documents to Plaintiff's Rule 34 discovery requests pursuant to Rule 34(b)(2)(A) instanter, bar any objections as untimely, and to further award reasonable expenses and attorney's fees incurred in bringing this Motion pursuant to Rule 37(a)(5)(A), and any other relief that this Court deems fair and equitable.

Respectfully Submitted,
*/s/Glen J. Dunn, Jr.*
Glen J. Dunn. Jr.
Attorney for Plaintiff

Glen J. Dunn, Jr. – gdunn@gjdlaw.com
Dennis H Stefanowicz – dstefanowicz@gjdlaw.com
**GLEN J. DUNN & ASSOCIATES, LTD.**
One East Wacker Drive, Suite 2510
Chicago, Illinois 60601
Tel: (312) 880-1010
Fax: (312) 546-5058
*Attorneys for the Plaintiff*

### CERTIFICATION OF CONFERRAL

As described in this Supplement, plaintiff's counsel has attempted to confer with defense counsel regarding the failure to provide written responses to discovery on 06/09/23, 06/12/23, 6/13/23, 06/23/23, 07/26/23 and 7/28/23.

*/s/Glen J. Dunn, Jr.*
Glen J. Dunn, Jr.

**CERTIFICATE OF SERVICE**

   The undersigned, an attorney, certifies that he caused this Motion to be filed, using the CM/ECF system, which will send a true and correct copy to all Counsel of Record who have filed an appearance herein, on this 1st day of August, 2023.

                Respectfully submitted,
                */s/Glen J. Dunn, Jr.*
                Glen J. Dunn, Jr.
                Attorney for Plaintiff


Glen J. Dunn, Jr. – gdunn@gjdlaw.com
Dennis H Stefanowicz – dstefanowicz@gjdlaw.com
**GLEN J. DUNN & ASSOCIATES, LTD.**
One East Wacker Drive, Suite 2510
Chicago, Illinois 60601
Tel: (312) 880-1010
Fax: (312) 546-5058
*Attorneys for the Plaintiff*