# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL HABICH, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>EXELON CORPORATION, COMMONWEALTH EDISON COMPANY, ACLARA TECHNOLOGIES, LLC, AND ACLARA METERS, LLC,<br><br>Defendant(s) | NO. 22 CV 4438<br><br>Removed from:<br>Circuit Court of Cook County,<br>Illinois Case No. 2022L006413 |

### DEFENDANT'S ACLARA METERS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF RULE 33 INTERROGATORIES

NOW COMES Defendant, ACLARA METERS, LLC, through their counsel, and for its Responses and Objections to Plaintiff's First Set of Rule 33 Interrogatories states as follows:

1. What is the serial number, manufacturer and manufacture date of the Smart Meter sold to ComEd which is subject to this litigation and identified as ComEd Meter No. 273403352_G, installed by ComEd on April 6, 2018 which ComEd has identified as an Aclara I210+C meter.

**ANSWER:** Customer Serial Number: DARG273403352. Aclara Catalog Number: 727XC86001-A UL marked I0210+C Meter Form 2S Class 200A w/Remote Disconnect (RD). The manufacturing test was completed on May 17, 2017 and the meter was shipped to the customer on June 2, 2017.

2. Please state the total number of smart meters designed, manufactured and sold in the United States by this Defendant, Aclara Technologies, or any of either Aclara Defendants' subsidiaries including, but not limited to, the Aclara I-210 product line smart meters in existence up to and including December 31, 2020. Further, please state the total number of meters manufactured by year; the U.S. state the meter was sold in; the customer purchasing the meter and the purpose the meter was purchased (residential or commercial), and identify the total number of meters assigned for use and/or sale as new, used or refurbished.

**ANSWER:** Objection; this interrogatory is overly broad in time and scope. This interrogatory is unlimited in time as it seeks discovery all of meters "in existence up to and including December 31, 2020" which is overly broad in time. Further, the interrogatory seeks information concerning all "smart meters" which is overly broad, vague and undefined. Subject to and without waiving the foregoing objection, the defendant notes that it shipped 10,352,000 I-210+c meters between 1/1/2016 to 12/31/2020 to all customers.

3. Please state the total number of smart meters, including but not limited to the Aclara I-210 product line smart meters, sold to Defendants ComEd and Exelon or any of Exelon's subsidiaries by this Defendant, Aclara Technologies, or any of either Aclara Defendants' subsidiaries for the time period stated, and identify the make and model of each meter sold, and the date of sale for each meter.

**ANSWER:** Objection; this interrogatory is overly broad in time and scope. This interrogatory is unlimited in time as it seeks discovery all of meters "in existence up to and including December 31, 2020" which is overly broad in time. Further, the interrogatory

seeks information concerning all "smart meters" which is overly broad, vague and undefined. Subject to and without waiving the foregoing objection, the defendant notes that 1,382,000 I-210+c meters were shipped between 1/1/2016 and 12/31/2020 to all Exelon Accounts. ComEd received 1,142,000 of the total during this period.

4. Identify any and all modifications made to any Aclara smart meter sold to Defendants ComEd and/or Exelon or any of Exelon's subsidiaries for the relevant time period; the date(s) the modifications were made; the nature of any modification; the entity requesting said modification(s); and, the purpose for which the modification was made.

**ANSWER:** Objection; this interrogatory is overly broad in time and scope. This interrogatory is unlimited in time as it seeks discovery any smart meters "in existence up to and including December 31, 2020" which is overly broad in time. Further, the interrogatory seeks information concerning all "smart meters" which is overly broad, vague and undefined. Subject to and without waiving the foregoing objection, the defendant refers the plaintiff to the Meter Change Notices produced with the defendant's Responses to Request for Production.

5. Please identify each and every individual by title, and that person's current employment status, who was a member of the Aclara I-210 smart meter product line's engineering, design, operations, innovation, development, quality control, load testing, regulatory, marketing or sales team or any other individual not employed by Aclara or Aclara Technologies who was responsible for the design, engineering, manufacturing, sales, quality control, approval, recall or other safety issue relating to the Aclara I-210 product line, including but not limited to the Aclara I210+C meter.

**ANSWER:** Objection overly broad in time and scope, unduly burdensome and not calculated to lead to the discovery of admissible evidence. This interrogatory seeks the identity of each and every individual, whether employed by the defendants or not, whom may have been involved this product for nearly any reason over the entire time from the product has been in existence. Subject to and without waiving the foregoing objection, the defendant notes that there were numerous individuals involved in the design and manufacturing process. The key individuals are listed below. All individuals are current Aclara employees unless otherwise noted:

William Ansell, Engineering Leader
Curtis Crittenden, Principal Engineer
Steve Herchenroder, Validation Director
Rick Martyn, Staff – Staff Hardware Engineer
Carl Oppenheimer, Senior Hardware Engineer (retired)
Thomas McDougall, Senior Hardware Engineer
Lewis Fink, Senior Hardware Engineer
Wayne Therrien, Design Engineer (retired)

6. Please identify the name and title of any manual or other information provided to ComEd or Exelon or any of their subsidiaries which detailed how to install, configure and maintain the Aclara I-210 product line, including but not limited to the I-210+c meters sold to ComEd or Exelon or any of their subsidiaries.

**ANSWER:** Objection; overly broad in time and scope. This interrogatory seeks "other information" and "product line" which are vague and undefined. Subject to and without waiving the foregoing objection, Aclara provides the I-201+c Electronic Meter User Manual, which is a product manual. Installation practices are determined exclusively by the purchasing utility.

7. Identify any training that was provided to ComEd, Exelon or any of their subsidiaries, for the installation, maintenance or modification of any smart meter sold to ComEd, Exelon or any of their subsidiaries at any time whatsoever.

**ANSWER:** Objection; this interrogatory is overly broad in time and scope. This interrogatory is unlimited in time. Further, the interrogatory seeks information concerning any "smart meters" which is overly broad, vague and undefined. Subject to and without waiving the foregoing objection, the defendant refers the plaintiff to the Response to Interrogatory No. 6.

8. Please state whether or not a complaint history chart or summary was created by the Defendant for Aclara smart meters, including but not limited to the I-210 product line. If so, please provide a copy of said chart or summary.

**ANSWER:** Objection; overly broad in time and scope and vague. This interrogatory is unlimited in time and seeks information concerning the "product line" which is vague and undefined. Further it requests documents entitled "complaint history chart or summary" which is vague and undefined.

Subject to and without waiving the foregoing objection, the defendant notes that its search for information responsive to this request is ongoing and will supplement this response once the search has been completed.

9. Please identify and list each and every recall, complaint and/or quality control problem received or noted by the answering Defendant regarding the Aclara I-210 product line, including the Aclara I-210+c Smart Meter for the relevant time period and produce a copy of any document whatsoever that memorializes any such complaint, quality

control issue, failures and/or events relating to fire, combustion, overheating, arcing, melting or failure of insulation relating to any smart meter worldwide.

**ANSWER:** Objection; overly broad in time and scope and vague. This interrogatory is unlimited in time and seeks information concerning the "product line", "complaint", and "quality control problem" which are vague and undefined. Further objecting, the interrogatory seeks information on topics which are not the same or similar to the allegations concerning this lawsuit. Subject to and without waiving the foregoing objection, the defendant notes that there have not been any recalls of this product.

10. Please identify all ANSI, UL and/or ISO certified labs who performed any testing or analysis whatsoever on the Aclara I-210 product line, including the Aclara I-210+c Smart Meter for the relevant time period and produce a copy of any testing results or other documentation whatsoever that memorializes any such testing or analysis.

**ANSWER:** Objection: overly broad in time and scope. This interrogatory is unlimited in time and seeks information concerning the "product line" which is vague and undefined. Subject to and without waiving the foregoing objection, the defendant refers the plaintiff to the UL Listings produced with the defendant's Responses to Request for Production.

11. Please identify all internal testing or analysis, ANSI, UL and IEC testing, analysis or requirements and any Radio Frequency (RF) testing or analysis performed on the Aclara I-210 product line, including the Aclara I-210+c Smart Meter for the time period stated and produce a copy of any document whatsoever that memorializes any such testing or analysis.

**ANSWER:** Objection: overly broad in time and scope. This interrogatory is unlimited in time and seeks information concerning the "product line" which is vague and undefined. Subject to and without waiving the foregoing objection, the defendant notes that the meter has been tested to be compliant with the following standards:

> ANSI C12.1
> ANSI C12.20
> ANSI C12.10
> UL 2735
> FCC CFR47 part 15 for intentional and unintentional radiator.

12. Please identify all research and development performed by this Defendant, Aclara Technologies, or any of their subsidiaries on voltage spikes degrading smart meter electronic components and potentially causing the failure of a smart meter.

**ANSWER:** Objection; overly broad in time and scope and vague. This request seeks information concerning any smart meter making it overly broad in scope. Subject to and without waiving the foregoing objection, the defendant notes that the meter has been tested extensively following the guidelines of C62.41 as required by the standards listed above at both internal and external laboratories.

13. Identify and list any and all claims and/or lawsuits asserted against Aclara, Aclara Technologies or any of their subsidiaries for personal or property damages alleged to have been sustained by a user of an Aclara Smart meter.

**ANSWER:** Objection; this interrogatory is overly broad in time and scope. The interrogatory places no limitation on the time from of the search. The interrogatory seeks information concerning any "claim and/or lawsuit" for any damages related to the any smart meter. These parameters are overlybroad. The interrogatory is not limited to claims similar to the allegations in this instance nor is it limited to the product or similar products.

Subject to and without waiving the foregoing objection, the defendant notes that its search for information responsive to this request is ongoing and will supplement this response once the search has been completed.

14. Was the Smart Meter which is subject to this litigation identified as ComEd Meter No. 273403352_G, installed by ComEd on April 6, 2018 which ComEd has identified as an Aclara I210+C meter sold to ComEd in new, used or refurbished condition.

**ANSWER:** All meter products, including the subject meter, are shipped/sold as new units.

15. Please identify each and every pre-contractual process performed prior to determining which Smart Meters would be purchased from Aclara by Defendants ComEd and/or Exelon.

**ANSWER:** Objection; vague. This interrogatory seeks information concerning "each and every pre-contractual process" which is vague and undefined.

16. Please identify everything that Defendant maintains was the origin, and cause, if different, of the fire and ultimate failure of the Aclara I210+C smart meter at Don's Hot Dogs on July 29, 2020. Please identify all facts that Defendant relies on for its conclusion(s).

**ANSWER:** Objection; calls for expert testimony. Defendant Aclara Meters was not present for the subject fire nor was it afforded the opportunity to inspect the fire scene. Defendant will disclose further information in accordance with the Court's scheduling order. Further responding, this defendant denies there was an "ultimate failure of the Aclara I210+C smart meter" – see ComEd responses to discovery.

17. Does Aclara or Aclara Technologies have any affiliation, business partnership or other relationship with Sensus, a Xylem brand and if so, when did the affiliation, business partnership or other relationship begin and please explain the nature of any such relationship.

**ANSWER:** Sensus is solely responsible for the "AMI Module" and Aclara is responsible for the "Electricity Metering Technology". The "Integrated Meter" is the Aclara product and Sensus product integrated.

18. Did the Smart Meter sold to ComEd which is subject to this litigation and identified as ComEd Meter No. 273403352_G, installed by ComEd on April 6, 2018 which ComEd has identified as an Aclara I210+C meter have the following features: dual-temperature detection, remote disconnect, automatic shutoff or opt-in/opt-out features?

**ANSWER:** The meter features include internal temperature measurement and remote disconnect capabilities. It does not include automatic shutoff or opt-in/out features.

19. Please describe the design and safety feature differences for the Aclara I210+C residential smart meter and the Aclara kV2c commercial smart meter available to consumers in 2018.

**ANSWER:** Objection; calls for a narrative response which is better suite for deposition testimony. Subject to and without waiving the foregoing objection, the kV2c meter is an advanced function meter primarily intended for commercial and industrial applications. It is a general purpose meter capable of metering poly-phase electrical services and has a wider operating voltage range to cover multiple service types.

20. Was the Smart Meter sold to ComEd which is subject to this litigation and identified as ComEd Meter No. 273403352_G, installed by ComEd on April 6, 2018 which

ComEd has identified as an Aclara I210+C subjected to hot socket testing during the design phase? If so, when was said testing performed and identify all individuals and entities that performed such testing?

**ANSWER:** Objection; this interrogatory seeks information concerning "hot socket testing" which is vague and undefined. Subject to and without waiving the foregoing objection, no specific testing related to "hot sockets" was performed during the design phase of the project.

21. Identify the distributor of the Smart Meter sold to ComEd which is subject to this litigation and identified as ComEd Meter No. 273403352_G, installed by ComEd on April 6, 2018 which ComEd has identified as an Aclara I210+C?

**ANSWER:** ComEd purchased the meters directly from Aclara.

22. Identify all component parts of the Aclara I-210 and I-210+C Smart Meters that underwent "insulation withstand" testing analysis and the results of said testing and produce a copy of any document whatsoever that memorializes any such testing or analysis.

**ANSWER:** Objection; overly broad in scope and vague. This interrogatory seek information concerning "insulation withstand" testing analysis which is vague and undefined. Subject to and without waiving the foregoing objection, the meter has been tested in accordance with ANSI C12.1 4.7.3.1 Test No. 15 Insulation to a level of 2.5kV 60Hz for one minute. Individual subassemblies are 100% tested in production.

23. Identify all component parts of the Aclara I-210 and I-210+C Smart Meters that underwent "insulation withstand" testing analysis and the results of said testing and produce a copy of any document whatsoever that memorializes any such testing or analysis.

**ANSWER:** Objection; overly broad in scope and vague. This interrogatory seek information concerning "insulation withstand" testing analysis which is vague and undefined. Subject to and without waiving the foregoing objection, see response to Interrogatory No. 22.

24. Identify all component parts and the manufacturers of said component part for the Aclara I-210+CSmart Meter subject to this litigation.

**ANSWER:** Objection; overly broad in scope. Subject to and without waiving the foregoing objection, see Bill of Materials produced with the defendant's Responses to Request for Production.

25. Identify all documents reviewed in order to supply responsive answers to these interrogatories.

**ANSWER:** See documents produced in response to requests for production.

        s/ *David J. OConnell*
James W. Ozog – 2130963
David J. O'Connell – 6199086
Goldberg Segalla LLP
222 West Adams Street, Suite 2250
Chicago, IL 60606
312.572.8400
312.572.8401 – fax
jozog@goldbergsegalla.com
doconnell@goldbergsegalla.com
*Counsel for Defendants Aclara Technologies,*
*LLC and Aclara Meters, LLC*

# **VERIFICATION**

I, _____, being duly sworn, do depose and say that I am _____, and I am authorized to verify the foregoing Aclara Meters, LLC Responses and Objections to Plaintiff's Interrogatories. I hereby verify that I have read the foregoing answers contained herein and that they are true and correct to the best of my knowledge, information and belief.

Signed this \_\_\_\_\_ day of July, 2023.

_____

Subscribed and Sworn to before
me this \_\_\_\_ day of July, 2023.

_____
      Notary Public

_____
My Commission expires:_____