**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOEL HABICH, individually and on behalf of a class of people similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) EXELON CORPORATION, ) COMMONWEALTH EDISON ) COMPANY, ) ACLARA TECHNOLOGIES, LLC ) AND ) ACLARA METERS LLC ) ) Defendants. ) | Case No. 22 CV 4438<br><br>Removed from:<br>Circuit Court of Cook County<br>Illinois |

___

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT EXELON TO PROVIDE VERIFIED ANSWERS TO RULE 33 INTERROGATORIES AND TO STRIKE IMPROPER ANSWERS AND OBJECTIONS**

Plaintiff, JOEL HABICH, by and through his attorneys, GLEN J DUNN & ASSOCIATES, pursuant to Federal Rules of Civil Procedure Rule 37(a)(3)(B) and Rule 33(b)(5), moves this Court for an order compelling Defendant EXELON CORPORATION ("Exelon") to provide verified answers to Habich's Rule 33 Interrogatories *instanter*, to strike the unverified and non-responsive answers as improper, strike and bar all the boilerplate objections as untimely and insufficient, and to award reasonable costs and attorney fees against Exelon and its counsel for the preparation and presentment of this motion. In support of this Motion, the Plaintiff states as follows:

1. On April 6th, 2023, this Honorable Court ordered Plaintiff to serve Defendants with initial written discovery requests by 05/08/2023 (Doc. No. 65).

2. Plaintiff served Defendant Exelon with Rule 33 Interrogatories and Rule 34 Requests to Produce on 05/08/2023. The Rule 33 Interrogatories are attached as **Exhibit 1**.

3. Pursuant to both Rules 33 and 34 of the Federal Rules of Civil Procedure, Exelon's responses to written discovery, along with any objections, were due within 30 days of service, or by June 7th, 2023.

4. After many conferrals, Exelon finally provided responses to Plaintiff's Rule 33 Interrogatories on July 19th, 2023. Exelon's responses to Plaintiff's Rule 33 Interrogatories are attached as **Exhibit 2**. Exelon provided its responses to the Rule 33 Interrogatories nearly 1.5 months after they were due.

5. The answers are still unverified, which is in violation of Fed. R. Civ. P. 33(b)(5).

6. Exelon's responses contain page-long objections which are untimely, and reference arguments that they had already raised in their Motion to stay and stage discovery, which this Honorable Court rejected when it denied that Motion.[1]

7. The responses that Exelon has provided over its objections is a single-paragraph, unverified, boilerplate, non-responsive answer which basically rehashes unfounded factual assertions that Exelon is merely a holding company, has no employees, and therefore cannot answer any of the questions that have been asked, and that the questions

---

[1] Exelon's objections cite to case law such as *Muir v. Nature's Bounty Inc.*, 2017 WL 4310650, for e.g., for the proposition that "the court declines to permit Muir to proceed to discovery on a nationwide class basis." These legal arguments were raised by the Defendant in Doc. No. 51 when seeking that this Honorable Court stay and stage nationwide and class-wide discovery. e.g., "After the court has adjudicated the merits of Habich's fire, the remaining claims – if any – can be prepared for trial, and if the Court denies the motion to strike the class action allegations, (sic) examined to determine whether they can proceed on a class-wide basis." (Doc. No. 51. at pg. 7). This Honorable Court has ordered that Plaintiff can proceed with nationwide and class-wide discovery, after hearing these same arguments. See, Doc. No. 63 at pg. 5 "… defendants have not carried their burden to show that a stay of nationwide discovery would simplify the issues or reduce the burden on the parties or the court. The motion to stay and stage discovery is therefore denied." That being the case, rehashing these arguments in response to Rule 33 Interrogatories offers no merit. Exelon is now seeking its third bite at the apple to avoid providing even the most basic information about a putative nationwide class, no doubt because such claims exist. ComEd has already identified at least 61 similar fire events involving smart meters in Illinois alone. There are undoubtedly more smart meter related fire events in the five other states where Exelon's subsidiaries provide power services.

are more correctly directed towards ComEd. (See Exhibit 2). Exelon raised the same factual assertions before this Honorable Court in its Motion to stay and stage discovery (See Doc. No. 51, pg. 3, footnote 1). This Honorable Court allowed the Plaintiff to proceed with nationwide class discovery after hearing these arguments, and therefore Exelon must be prevented from abusing the discovery process in its attempt to relitigate the same issue.

8. When Exelon failed to provide its answers on the original due date of June 7th 20223, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and Northern District of Illinois Local Rule 37.2, Plaintiff's counsel attempted to confer with Defense counsel on 06/09/23, 06/12/23, 06/13/23, and 06/23/23, in an attempt to obtain Exelon's compliance with Plaintiff's discovery requests.

9. After Exelon sent its deficient responses on 07/19/23, Plaintiff's counsel attempted to confer on 07/24/23 and 07/25/23, but received no response from Defense counsel. When Defense counsel finally called to confer, they merely restated that they do not agree with the Plaintiff's position that the answers were deficient or that the objections were untimely and waived. The email correspondence pertaining to LR 37.2 conferrals on the dates mentioned above are attached as **Group Exhibit 3**.

10. Given that the Defendants have failed to raise timely objections to the Rule 33 Interrogatories within 30 days of service, and Defense counsel have failed to provide any justification for the delay in raising those objections in a timely manner, the Plaintiff seeks that this Court compel Exelon to provide verified and complete answers to Plaintiff on or before July 31st, 2023, and strike all objections as untimely. See, Footnote 2, *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396

(N.D. Ill. 2006) ("The text of Rule 33 includes an automatic waiver provision where there has been an untimely objection. Rule 34 does not. Nonetheless, Courts are uniform in their interpretation of the rules as permitting a finding of waiver where objections are not timely made and the objector cannot show good cause for the delay."); See also, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 2012).

11. Besides being untimely, Exelon's objections are waived because they are non-responsive boilerplate objections, and are not specifically tailored to the Interrogatories in violation of Fed. R. Civ. P. 33(b)(4). It is well-settled that such boilerplate objections are insufficient to meet the requirements of Rule 33. See, *Fudali v. Napolitano*, 283 F.R.D. 400, 403 (N. D. Ill. 2012) ("In response to many discovery requests, the TSA invoked the **uninformative litany** that the requests were overbroad, production of documents unduly burdensome, that the plaintiff already had the information, that it had been turned over to the TSA with the expectation of confidentiality, etc. No specifics were given. This "baseless, often abused litany," which is often combined with the objection that the evidence "is neither relevant not reasonably calculated to lead to the discovery of admissible evidence," *Swift v. First USA Bank*, 1999 WL 1212561 (N.D.Ill.1999), is an insufficient basis to comply with discovery. 'They are tantamount to not making an objection at all.'" (Citation Omitted). See also, *In re Aircrash Disaster Near Roselawn, Ind*, 172 F.R.D. 295 (N.D. Ill. 1997) ("rejecting generic, non-specific, boilerplate objections). "As an objecting party, (Exelon) is also required to specifically detail the reasons why each interrogatory is irrelevant – whether it be by a simple affidavit or some other evidence which supports its objection. General objections are not proper." (See, *Schaap v. Executive Industries, Inc.*, 130 F.R.D. 384, 386 (N.D. Ill. 1990).

4

12. Further, given that the generic boilerplate objections are "tantamount to not making an objection at all," it has been repeatedly held by courts that a position that the answers are "subject to and without waiving" such objections, is ineffective. See, *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) [citing *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) ("holding ineffective general objections even though the request indicated that production was "subject to and without waiving those objections, because the objections were not presented with sufficient specificity to enable the court to evaluate their merits")]; *In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466 (N.D. Ill. Mar. 20, 2015) at *5 ("Plaintiffs have already provided a partial response to Interrogatory No. 7. This waives any objection related to this limited set of discovery answers.").[2]

13. This "uninformative litany" is precisely the "one-objection-fits-all" approach that Exelon has provided to 13 out of the 14 Rule 213 Interrogatories served by Plaintiff. (See Exhibit 2). Plaintiff seeks an award of reasonable costs and attorney's fees for the preparation and presentment of this Motion. (See, *Hangzhou Aoshuang E-commerce Co., Ltd. v. 008Fashion*, 336 F.R.D. 154, 155 (N. D. Ill. 2020) ["Under Rule 37, attorneys' fees, if otherwise appropriate – and assuming the challenged refusal was not "substantially justified" – must be awarded following the granting of a Motion to Compel Discovery."

---

[2] See also, *Ochoa v. Empresas ICA*, 2012 U.S. Dist. LEXIS 111182* (S.D. Fl. Aug. 8, 2012, at *4) ("The parties shall not recite a formulaic objection followed by an answer to the request … Such an objection and answer preserves nothing and serves only to waste the time of the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered."); *Myers v. Goldco, Inc.*, 2008 U.S. Dist. LEXIS 37089, at *2-3 (N.D. Fla. May 6, 2008); *Russell v. Daiichi-Sankyo, Inc*., 2012 U.S. Dist. LEXIS 49161 at *10 (D. Mont. Apr. 6, 2012) ("The Court here is also concerned about DSI's practice of objecting and then responding 'without waiving the objection.' That it is a common practice does not make it acceptable. It was expressly disapproved by this Court nearly a decade ago."); *Leisure Hospitality Inc. v. Hunt Props, Inc.*, 2010 U.S. Dist. LEXIS 93680, at *9-10 (N.D. Okla. Sept. 8, 2010) ("A party may object to some or all of the requested discovery, but it must be clear whether the responding party is objecting or not, and if objecting, to what part of the request and on what specific grounds.").

(Referencing footnote 1, which provides "Rule 37(a)(5) provides that the "court *must* … require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." (Emphasis Added)]. Magistrate Judge Jeffrey Cole noted in *Fudali*, 284 F.R.D. at 403 (supra),

> "Where any party acts inappropriately and causes his opponent to incur needless costs to secure compliance with discovery obligations, Rule 37 provides a remedy and should not receive a grudging application. In *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994), Judge Easterbrook said: 'The great operative principle of Rule 37(a)(4) is that the loser pays.' *Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288* at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). See also *Sambrano v. Mabus*, 663 F.3d 879, 881-82 (7th Cir. 2011) ("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries …"); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir. 1983) ("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.")."

14. Plaintiff believes the award of all reasonable costs, including attorneys' fees, associated with the preparation and presentment of the instant motion is appropriate both to encourage the voluntary resolution of all remaining discovery disputes in this case, as well as to serve as a deterrent to other litigants in this District from engaging in similar behavior.

**WHEREFORE**, Plaintiff seeks that this Honorable Court strike Exelon's unverified boilerplate responses, compel Exelon to provide verified answers to Plaintiff's Rule 33 interrogatories pursuant to Rule 37(a)(3)(B) *instanter*, bar any objections as untimely, and further award reasonable expenses and attorney's fees incurred in bringing this Motion pursuant to Rule 37(a)(5)(A), and any other relief that this Court deems fair and equitable.

                                          Respectfully Submitted,
                                          */s/Glen J. Dunn, Jr.*
                                          Glen J. Dunn. Jr.
                                          Attorney for Plaintiff

Glen J. Dunn, Jr. – gdunn@gjdlaw.com
Dennis H Stefanowicz – dstefanowicz@gjdlaw.com
**GLEN J. DUNN & ASSOCIATES, LTD.**
One East Wacker Drive, Suite 2510
Chicago, Illinois 60601
Tel:    (312) 880-1010
Fax:   (312) 546-5058
*Attorneys for the Plaintiff*

## CERTIFICATION OF CONFERRAL

As described in this Motion, plaintiff's counsel has attempted in good faith to confer with defense counsel regarding the late and deficient responses to Plaintiff's Rule 33 Interrogatories. Conferrals were held on 06/09/23, 06/12/23 and 6/13/23, 06/23/23, and 07/26/23, but no agreement was reached between the counsel.

/s/Glen J. Dunn, Jr.
Glen J. Dunn, Jr.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused this Motion to be filed, using the CM/ECF system, which will send a true and correct copy to all Counsel of Record who have filed an appearance herein, on this 2nd day of August, 2023.

Respectfully submitted,
/s/Glen J. Dunn, Jr.
Glen J. Dunn, Jr.
Attorney for Plaintiff

Glen J. Dunn, Jr. – gdunn@gjdlaw.com
Dennis H Stefanowicz – dstefanowicz@gjdlaw.com
**GLEN J. DUNN & ASSOCIATES, LTD.**
One East Wacker Drive, Suite 2510
Chicago, Illinois 60601
Tel: (312) 880-1010
Fax: (312) 546-5058
*Attorneys for the Plaintiff*