UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL HABICH, individually and on behalf of a class of people similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EXELON CORPORATION, )<br>COMMONWEALTH EDISON )<br>COMPANY, )<br>ACLARA TECHNOLOGIES, LLC )<br>AND )<br>ACLARA METERS LLC )<br>)<br>Defendants. ) | Case No. 22 CV 4438<br><br>Removed from:<br>Circuit Court of Cook County<br>Illinois |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT COMMONWEALTH EDISON COMPANY TO PROVIDE VERIFIED ANSWERS TO RULE 33 INTERROGATORIES AND TO STRIKE IMPROPER ANSWERS AND OBJECTIONS**

Plaintiff, JOEL HABICH, by and through his attorneys, GLEN J DUNN & ASSOCIATES, pursuant to Federal Rules of Civil Procedure Rule 37(a)(3)(B) and Rule 33(b)(5), moves this Court for an order compelling Defendant COMMONWEALTH EDISON COMPANY ("ComEd") to provide verified answers to Habich's Rule 33 Interrogatories, to strike the unverified and non-responsive answers as deficient, bar all the objections as untimely, and to award reasonable costs and attorney fees against ComEd and its counsel for the preparation and presentment of this motion. In support of this Motion, the Plaintiff states as follows:

1. On April 6th, 2023, this Honorable Court ordered Plaintiff to serve Defendants with initial written discovery requests by 05/08/2023 (Doc. No. 65).

2. Plaintiff served Defendant ComEd with Rule 33 Interrogatories and Rule 34 Requests to Produce on 05/08/2023. The Rule 33 Interrogatories are attached as **Exhibit 1**.

3. Pursuant to both Rules 33 and 34 of the Federal Rules of Civil Procedure, ComEd's responses to written discovery, along with any objections, were due within 30 days of service, or by June 7th, 2023.

4. After many conferrals, ComEd finally provided responses to Plaintiff's Rule 33 Interrogatories on July 19th, 2023. ComEd's responses to Plaintiff's Rule 33 Interrogatories are attached as **Exhibit 2**. ComEd provided its responses to the Rule 33 Interrogatories nearly 1.5 months after they were due.

5. The answers are still unverified, which is in violation of Fed. R. Civ. P. 33(b)(5). Unverified answers do not meet the requirements of Rule 33. See, *U.S. v. 58.16 Acres of Land, et al.*, 66 F.R.D. 570, 572 (E.D. Ill. 1975).

6. The responses to the Plaintiff's Rule 33 Interrogatories provided by ComEd are deficient in the following ways:

    a. **Interrogatory No. 3:** ComEd's response is deficient as it only identifies one current and three former ComEd employees and fails to address the interrogatory with respect to identifying "outside contractors and/or vendors" as sought for by the Interrogatory.

    b. **Interrogatory No. 4:** ComEd's response is deficient as it limits its response to eligibility and fails to identify "each policy, field manual, or other directives and/or training materials associated with identifying eligible residential and commercial electric/power service customers" and further fails to identify these materials with respect to the "inspection, installation, service, maintenance and replacement" of the smart meters as sought for by the Interrogatory. Co-Defendant Aclara Meters LLC's

    verified response to Plaintiff's Rule 33 Interrogatories states "Installation practices are determined exclusively by the purchasing utility" which includes ComEd and Exelon. (See, ¶6, Exhibit 6, Doc. No. 76).

  c. **Interrogatory No. 5:** ComEd's response is deficient because it fails to identify "all customer complaints" and rather only identifies "fire events," thereby answering only a part of the interrogatory.

  d. **Interrogatory No. 6:** ComEd's response is deficient because it identifies the cause and/or origin of the fire at Don's Hot Dogs as an external fire unrelated to the meter, but fails to identify what that external fire was or provide a response to "please identify all the evidence and facts that Defendant relies on for its conclusion(s)".

  e. **Interrogatory No. 9:** ComEd's response is deficient because it fails to identify the person(s) most knowledgeable about the warnings, or its lack thereof, as sought for by the interrogatory.

  f. **Interrogatory No. 11:** ComEd's response is deficient because it merely reads "see answer to Interrogatory No. 6", which as mentioned above, is deficient, and refers to the cause and/or origin of the fire, which is different from what this interrogatory asks about, to wit, the electrical power wiring within the smart meter housing.

7. When ComEd failed to provide its answers on the original due date of June 7th 2023, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and Northern District of Illinois Local Rule 37.2, Plaintiff's counsel attempted to confer with Defense counsel on 06/09/23, 06/12/23, 06/13/23, and 06/23/23, in an attempt to obtain ComEd's compliance with Plaintiff's discovery requests.

8.  After ComEd sent its deficient responses on 07/19/23, Plaintiff's counsel attempted to confer on 07/24/23 and 07/25/23, but received no response from Defense counsel. When Defense counsel finally called to confer on 07/26/23, they merely restated that they do not agree with the Plaintiff's position that the answers were deficient or that the objections were untimely and waived. The email correspondence pertaining to LR 37.2 conferrals on the dates mentioned above are attached as **Group Exhibit 3**.

9.  A conferral was held today (08/11) between Plaintiff's counsel and Defense Counsel relating to ComEd's responses to Plaintiff's Rule 34 Requests, at which time no discussion was held relating to ComEd's Rule 33 Interrogatory responses and Defense counsel did not volunteer any information about the verification of the responses provided to Plaintiff's Rule 33 interrogatories.

10. Given that the Defendants have failed to raise timely objections to the Rule 33 Interrogatories within 30 days of service, and Defense counsel have failed to provide any justification for the delay in raising those objections in a timely manner, the Plaintiff seeks that this Court compel ComEd to provide verified and complete answers to Plaintiff *instanter*, and strike all objections as untimely. Generally, in the absence of an extension of time for good cause, the failure to object to interrogatories within the time fixed by the rule, constitutes a waiver of any objection. See, Footnote 2, *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 236 F.R.D. 396 (N.D. Ill. 2006) ("The text of Rule 33 includes an automatic waiver provision where there has been an untimely objection. Rule 34 does not. Nonetheless, Courts are uniform in their interpretation of the rules as permitting a finding of waiver where objections are not timely made and the objector cannot show good cause for the delay."); See also, *Poulos v. Naas Foods, Inc.*,

959 F.2d 69, 74 (7th Cir. 2012); *Fond Du Lac Plaza, Inc. v. Reid*, 47 F.R.D. 221 (E.D. Wis. 1969).

11. ComEd has objected to interrogatories as being irrelevant, beyond the scope, overbroad, unduly burdensome, and vague, without providing any explanation as to why or how those objections apply. Objections to interrogatories must be specific and supported by a detailed explanation as to why interrogatories or a class of interrogatories is objectionable. See, *58.16 Acres of Land*, 66 F.R.D at 572 (supra) (citing to *Rupp v. Vock and Weiderhold, Inc.*, 52 F.R.D. 111 (N.D. Ohio. 1971); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Apco Oil Corp. v. Certified Transportation Inc.*, 46 F.R.D. 428 (W.D. Mo. 1969). ComEd has failed to do so. Further, ComEd provides answers over their objections to all interrogatories, which also waives those objections.

12. It has been repeatedly held by courts that a position that the answers are "subject to and without waiving" such objections, is ineffective. See, *Novelty, Inc. v. Mountain View Marketing, Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) [citing *DL v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) ("holding ineffective general objections even though the request indicated that production was "subject to and without waiving those objections, because the objections were not presented with sufficient specificity to enable the court to evaluate their merits")]; *In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466 (N.D. Ill. Mar. 20, 2015) at *5 ("Plaintiffs have already provided a partial response to Interrogatory No. 7. This waives any objection related to this limited set of discovery answers.").[1]

---

[1] See also, *Ochoa v. Empresas ICA*, 2012 U.S. Dist. LEXIS 111182* (S.D. Fl. Aug. 8, 2012, at *4) ("The parties shall not recite a formulaic objection followed by an answer to the request … Such an objection and answer preserves nothing and serves only to waste the time of the Parties and the Court. Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of

13. Plaintiff seeks that this Honorable Court award the Plaintiff reasonable costs and attorney's fees for the preparation and presentment of this Motion. (See, *Hangzhou Aoshuang E-commerce Co., Ltd. v. 008Fashion*, 336 F.R.D. 154, 155 (N. D. Ill. 2020) ["Under Rule 37, attorneys' fees, if otherwise appropriate – and assuming the challenged refusal was not "substantially justified" – must be awarded following the granting of a Motion to Compel Discovery." (Referencing footnote 1, which provides "Rule 37(a)(5) provides that the "court *must* … require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." (Emphasis Added)]. Magistrate Judge Jeffrey Cole noted in *Fudali*, 284 F.R.D. at 403 (supra),

> "Where any party acts inappropriately and causes his opponent to incur needless costs to secure compliance with discovery obligations, Rule 37 provides a remedy and should not receive a grudging application. In *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994), Judge Easterbrook said: 'The great operative principle of Rule 37(a)(4) is that the loser pays.' *Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288* at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). See also *Sambrano v. Mabus*, 663 F.3d 879, 881-82 (7th Cir. 2011) ("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries …"); *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir. 1983) ("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.")."

---

the question has been answered."); *Myers v. Goldco, Inc.*, 2008 U.S. Dist. LEXIS 37089, at *2-3 (N.D. Fla. May 6, 2008); *Russell v. Daiichi-Sankyo, Inc*., 2012 U.S. Dist. LEXIS 49161 at *10 (D. Mont. Apr. 6, 2012) ("The Court here is also concerned about DSI's practice of objecting and then responding 'without waiving the objection.' That it is a common practice does not make it acceptable. It was expressly disapproved by this Court nearly a decade ago."); *Leisure Hospitality Inc. v. Hunt Props, Inc.*, 2010 U.S. Dist. LEXIS 93680, at *9-10 (N.D. Okla. Sept. 8, 2010) ("A party may object to some or all of the requested discovery, but it must be clear whether the responding party is objecting or not, and if objecting, to what part of the request and on what specific grounds.").

14. Plaintiff believes the award of all reasonable costs, including attorneys' fees, associated with the preparation and presentment of the instant motion is appropriate both to encourage the voluntary resolution of all remaining discovery disputes in this case, as well as to serve as a deterrent to other litigants in this District from engaging in similar behavior.

**WHEREFORE**, Plaintiff seeks that this Honorable Court strike ComEd's unverified responses, compel ComEd to provide verified answers to Plaintiff's Rule 33 interrogatories pursuant to Rule 37(a)(3)(B) instanter, bar any objections as untimely, and further award reasonable expenses and attorney's fees incurred in bringing this Motion pursuant to Rule 37(a)(5)(A), and any other relief that this Court deems fair and equitable.

        Respectfully Submitted,
        */s/Glen J. Dunn, Jr.*
        Glen J. Dunn. Jr.
        Attorney for Plaintiff

Glen J. Dunn, Jr.  – gdunn@gjdlaw.com
Dennis H Stefanowicz – dstefanowicz@gjdlaw.com
**GLEN J. DUNN & ASSOCIATES, LTD.**
One East Wacker Drive, Suite 2510
Chicago, Illinois 60601
Tel:   (312) 880-1010
Fax:   (312) 546-5058
*Attorneys for the Plaintiff*

7

## CERTIFICATION OF CONFERRAL

As described in this Motion, plaintiff's counsel has attempted to confer with defense counsel regarding the deficiencies in Defendant's response to Plaintiff's Rule 33 Interrogatories in good faith on 06/12/23, 06/13/23, 06/23/23, and 07/26/23, and have failed to reach a resolution.

>/s/Glen J. Dunn, Jr.
>Glen J. Dunn, Jr.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused this Motion to be filed, using the CM/ECF system, which will send a true and correct copy to all Counsel of Record who have filed an appearance herein, on this 11th day of August, 2023.

>Respectfully submitted,
>/s/Glen J. Dunn, Jr.
>Glen J. Dunn, Jr.
>Attorney for Plaintiff

Glen J. Dunn, Jr. – gdunn@gjdlaw.com
Dennis H Stefanowicz – dstefanowicz@gjdlaw.com
**GLEN J. DUNN & ASSOCIATES, LTD.**
One East Wacker Drive, Suite 2510
Chicago, Illinois 60601
Tel:     (312) 880-1010
Fax:     (312) 546-5058
*Attorneys for the Plaintiff*