**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Joel Habich

                  Plaintiff,

v.                                    Case No.: 1:22–cv–04438
                                    Honorable Franklin U. Valderrama

Exelon Corporation, et al.

                  Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, August 18, 2023:

      MINUTE entry before the Honorable Heather K. McShain: Pending before the Court is plaintiff's motion to compel defendant Exelon Corporation to provide verified answers to Rule 33 interrogatories and to strike improper answers and objections [80]. The motion seeks three forms of relief: (1) an order striking Exelon's unverified answers to plaintiff's interrogatories and requiring Exelon to serve verified answers to the interrogatories; (2) an order finding that Exelon waived its objections to the interrogatories because the objections were served after the 30–day period provided by Fed. R. Civ. P. 33(b); and (3) an award of attorney's fees and costs incurred in connection with bringing this motion. The Court set a deadline of 08/14/2023 for Exelon to respond [81], but Exelon neither filed a response nor moved for an extension of time to respond. The Court therefore exercises its discretion to decide the motion based on plaintiff's papers alone. See L.R. 78.3 (&quot;Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing."); Lieberman v. Altounion Constr., Inc., Case No. 19–cv–910, 2019 WL 6467321, at *2 (N.D. Ill. Dec. 2, 2019) (invoking L.R. 78.3 where "[n]o response brief was filed nor did [non–movant] request any extension"). The Court also finds, based on the exhibits to plaintiff's motion, that plaintiff has complied with L.R. 37.2. See [80–3]. For the following reasons, plaintiff's motion to compel [80] is granted. First, "Rule 33(b) requires that answers to interrogatories be verified and signed by the person answering the interrogatory, not only by the party's attorney." West v. Wilco Life Ins. Co., No. 1:20–cv–02961–RLM–MKK, 2023 WL 2917059, at *8 (S.D. Ind. Apr. 12, 2023) (citing Fed. R. Civ. P. 33(b)(5)). Here, defendant's answers to the interrogatories were signed only by counsel and not verified. See [80–2] 18. Accordingly, defendant will be required to serve verified answers to plaintiff's interrogatories. Second, and in accordance with Rule 33(b)(2) and (b)(4), the Court finds that defendant waived its objections to plaintiff's interrogatories. "Rule 33(b)(4) states expressly that objections to interrogatories are waived unless they are timely asserted, absent good cause." Zambrano v. Sparkplug Cap., LLC, No. 19 CV 100, 2020 WL 1847396, at *1–2 (N.D. Ill. Apr. 13, 2020). Plaintiff served the interrogatories on 05/08/2023, see [80–1] 8, making the responses due on 06/07/2023. Plaintiff then agreed to an extension of that deadline until 06/23/2023, see [80–3] 3, but defendant did not serve the answers until 07/19/2023, see

[80−2] 18. Accordingly, defendant has waived its objections by failing to answer plaintiff's interrogatories by either the 30−day deadline provided by Rule 33(b) or the extension of that deadline agreed to by plaintiff. Zambrano, 2020 WL 1847396, at *1. "Moreover, by failing to file a response to [plaintiff's] Motion in accordance with the briefing schedule set by the Court... [defendant] also has waived any argument it may have made in opposition to [plaintiff's] Motion." Id., at *2. Accordingly, within seven days of the date of this order, defendant must serve verified answers to plaintiff';s interrogatories that do not reiterate any of the objections that are contained in defendant's first set of answers to plaintiff's interrogatories, and defendant may not limit its answers to the interrogatories based on any of those objections. The Court also observes that, given the Court's prior ruling that defendants were not entitled to a stay or staging of discovery, defendant's objections to plaintiff's interrogatories on the ground that they seek information relating to plaintiff's class−wide claims were improper. Accord Bilek v. Fed. Ins. Co., No. 21 CV 1651, 2022 WL 18912277, at *2 (N.D. Ill. Dec. 12, 2022) (absent order bifurcating discovery, defendant's objection that discovery requests sought class−wide discovery was improper); Lowe v. CVS Pharm., Inc., No. 14 C 3687, 2015 WL 13427768, at *2 (N.D. Ill. Nov. 13, 2014) (same). Third, Rule 37(a)(5) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.quot; Fed. R. Civ. P. 37(a)(5). Because the Court is granting the motion, plaintiff has requested an award of attorney's fees and costs, and defendant−despite being afforded an opportunity to be heard−has not responded to the motion, the Court finds that plaintiff is entitled to an award of attorney's fees and costs. The parties are directed to meet and confer on the amount of fees to be awarded in accordance with this order, and counsel must work in good faith to resolve this ancillary issue without the Court's involvement. If no agreement can be reached, plaintiff's fee petition is due on 09/08/2023 and defendant's response, if any, is due on 09/18/2023. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.